Requestor: Stan L. Pritzker, Esq., Town Attorney Town of Hartford 444 Glen Street Glens Falls, New York 12838
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have inquired whether it is compatible for a county employee to also serve as a member of the town board.
The individual is employed by the Washington County Department of Public Works as a heavy equipment operator and was elected in November of 1991 to the town board of the Town of Hartford. You have informed us that Washington County is in the process of siting a county-wide landfill in the Town of Hartford. Further, you state that the Washington County Department of Public Works is one of the key agencies preparing the siting study and engaging in environmental review. The department will operate the landfill if and when it opens.
You have stated that the siting of the landfill is a dominant issue in the Town of Hartford. During his campaign for the town board, the subject individual did not take a position regarding the landfill. He made it clear to the voters, and it was generally known, that he worked for the county department of public works. At the time of the campaign for town board, the Town of Hartford had been selected as a preferred site for the landfill, although the acquisition of necessary permits had not been completed.
You have indicated that there are many issues that will come before the town board relating to the siting of the landfill. One question is whether the county must comply with a town local law regulating the siting of landfills.
You have informed us that the subject individual serves the county in a non-competitive position and serves at the pleasure of his employer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
It is our view that the subject individual may hold both positions. It was well known at the time of his campaign for town board that the individual was an employee of the county department of public works. Also, it was widely known that the siting of a landfill by the county in the town is a major issue. Thus, in electing this individual to the town board, the voters of the town were aware that if elected this individual would be faced with decisions relating to the siting of the landfill in the Town of Hartford.
Further, this individual does not have policy-making responsibilities with the county. In his county job, he will not exercise discretion or make any decisions with respect to the siting of the county landfill.
Under the above circumstances, we believe that the two positions are compatible. If any matter comes before the town board wherein the individual has or appears to have a conflict of interests, an appropriate remedy is recusal.
We conclude that a person may serve as a heavy equipment operator for the county department of public works and as a member of the town board.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.